

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| MATTHEW DANIEL MYERS,<br>　　　　　Petitioner, | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION 9:23-1404-MGL |
| R. S. DUNBAR,<br>　　　　　Respondent. | §<br>§<br>§ | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING THIS CASE WITHOUT PREJUDICE**

Petitioner Matthew Daniel Myers (Myers) filed this action, seeking 28 U.S.C. § 2241 habeas corpus relief from Respondent R.S. Dunbar (Dunbar). Myers is representing himself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Myers's Section 2241 petition be dismissed without prejudice and without requiring Dunbar to file a return. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 15, 2023, and the Clerk of Court entered Myers's objections on September 1, 2023. The Court has carefully considered Myers's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

In Myers's Section 2241 petition, he complains about his medical treatment and other conditions of confinement. But when a Section 2241 federal inmate petitioner complains about conditions of confinement, as opposed to the duration of his sentence, he should instead bring those claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Braddy v. Wilson*, 580 F. App'x. 172, 173 (4th Cir. 2014) (dismissing habeas petition alleging a condition of confinement claim as improperly brought under § 2241).

Therefore, after Myers filed his Section 2241 petition, the Magistrate Judge "informed [him] that if he was attempting to assert a constitutional claim regarding his conditions of confinement/medical care in a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)[,] that such claims should be filed in a new action." ECF No. 8 at 1. Thereafter, Myers "filed a complaint alleging violations of his constitutional rights." *Id*. *See Myers v. Thomason*, 9:23-4033-MGL-MHC (D.S.C. Aug. 14, 2023).

In Myers's objections, he contends it would be inappropriate for the Court to dismiss his *Bivens* claims. But, that issue is not before the Court.

The only question for the Court to answer here is whether Myers's conditions of confinement claims are cognizable under his Section 2241 petition. They are not. Consequently, the Court must dismiss Myer's Section 2241 petition.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Myers's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court Myers's Section 2241 petition is **DISMISSED** without prejudice and without requiring Dunbar to file a return.

**IT IS SO ORDERED**.

Signed this 10th day of July, 2024, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3